**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-20633-RAR**

**TICK CORPORATION**,

     Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A"**,

     Defendants.
_____/

**ORDER GRANTING PLAINTIFF TICK CORPORATION'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND MOTION TO FILE UNDER SEAL**

     **THIS CAUSE** comes before the Court upon Plaintiff's *Ex Parte* Motion for Leave to Proceed Under Pseudonym Temporarily ("Pseudonym Motion"), [ECF No. 4], and Motion for Leave to File Under Seal Certain Documents Containing Identifying Information about the Defendants ("Seal Motion"), [ECF No. 5]. The Court having reviewed the Pseudonym Motion, the Seal Motion, and the record, and being otherwise fully advised, it is hereby

     **ORDERED AND ADJUDGED** that the Pseudonym Motion and the Seal Motion are **GRANTED** as follows.

     Plaintiff has filed the Complaint, [ECF No. 1], in the instant case alleging federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement by certain internet-based e-commerce stores that promote, manufacture, import, sell, offer for sale and distribute goods bearing or using counterfeits and infringements of Plaintiff's intellectual property. In the Pseudonym Motion, Plaintiff notes that a number of Chinese websites like www.sellerdefense.cn, www.worldtro.com, www.amz123.com,

www.away-sp.com, and www.maijiazhichi.com, closely monitor counterfeiting and intellectual property infringement lawsuits such as this one in order to warn infringers to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught.  Pseudonym Motion at 3.

Plaintiff states that it has been previously targeted by such websites, and Plaintiff's counsel has cases that are among those flagged by counterfeiters and infringers.  Pseudonym Motion at 6–8; Seal Motion ¶ 5.  Plaintiff provides a number of examples of the coordinated efforts between counterfeiters and infringers to evade detection and avoid prosecution for their illicit conduct. Pseudonym Motion at 2–15.

Plaintiff therefore argues that it should be permitted to proceed under a pseudonym in this lawsuit until Defendants' Internet stores and financial accounts are restrained pursuant to the above referenced pleadings and Motions.  Plaintiff maintains that, based on counsel's experience in cases with similar facts, Defendants who knew of other plaintiffs' true identities evaded prosecution by blocking access to their websites in the United States, closing their online stores and opening new stores under different identities, and transferring assets into different financial accounts. Psuedonym Motion at 2–15; Seal Motion ¶ 7.  Plaintiff also seeks to file documents under seal until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief and, if granted, the relief ordered therein has been effectuated.  Seal Motion ¶ 9.  At that time, Plaintiff will move to unseal all pleadings and orders filed under seal in this matter to ensure they are publicly available on the docket.  *Id.*

Pursuant to Local Rule 5.4(b) and (d), this Court may grant leave to file documents under seal and by *ex parte* request where the moving party sets forth the factual and legal basis for departing from the policy that Court filings are public; describes the information or documents to

be sealed (the "proposed sealed material") with particularity; and specifies the proposed duration of the requested sealing. The public generally has a right of access to judicial records, but the right to access can be overcome by a showing of good cause, which "balances the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

Furthermore, while not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011). The Eleventh Circuit has held that Rule 10(a) "protects the public's legitimate interest in knowing all the facts involved, including the identity of the parties" but the rule is not absolute, and a party may proceed under a pseudonym only in exceptional cases. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). However, under certain special circumstances, parties are allowed to use fictitious names. *Id*. at 1320.

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1315. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315–16. The court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 1316. The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* Two other factors to consider include whether the plaintiff "faces a

real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.*

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this patent suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316–17; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade suit.

If Defendants discover Plaintiff's identity, they will act in concert to thwart enforcement of Plaintiff's intellectual property rights. Plaintiff requests to temporarily proceed under a pseudonym in this action until Defendants' e-commerce stores and financial accounts are restrained. These assertions are based on Plaintiff information shared on Chinese chats and

websites such as SellerDefense dealing exclusively with violations of intellectual property, including in this very District. Lastly, Plaintiff requests entry of an Order directing the Clerk of Court to seal certain documents.

Thus, based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Pseudonym Motion, [ECF No. 4], is **GRANTED**.

2. Plaintiff is permitted to temporarily proceed under a pseudonym. Plaintiff shall reveal its actual name and shall move to unseal all sealed documents once Defendants have been served with the temporary restraining order, if granted, and once Plaintiff has obtained confirmation from third party payment processors and online marketplaces that Defendants' assets have been restrained and online stores suspended.

3. Plaintiff's Seal Motion, [ECF No. 5], is **GRANTED**.

4. The Clerk of Court is **DIRECTED** to seal, upon filing, the following documents, which shall remain under seal until further order of the Court:

    (i) Unredacted Complaint and supporting exhibits;

    (ii) Schedule "A" to the Complaint; and

    (iii) Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order.

**DONE AND ORDERED** in Miami, Florida, this 14th day of February, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**